**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-2018

JOHN T. MIDGETT, Trustee of the Hardcastle Remainder Annuity Trust Dated August 6, 2007,

Plaintiff,

and

MARY LEE HARDCASTLE,

Intervenor/Plaintiff – Appellant,

v.

MAILE SUSAN HARDCASTLE,

Defendant – Appellee.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:17-cv-00663-RAJ-RJK)

Argued:  March 9, 2023                                    Decided:  June 8, 2023

Before KING and RICHARDSON, Circuit Judges, and Joseph DAWSON III, United States District Judge for the District of South Carolina, sitting by designation.

Appeal dismissed by unpublished opinion. Judge Dawson wrote the opinion, in which Judge King and Judge Richardson joined.

**ARGUED:** Jason Eli Ohana, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellant. William Thomas Chappell, WOODS ROGERS VANDEVENTER BLACK, Norfolk, Virginia, for Appellee. **ON BRIEF:** Bethany J. Fogerty, WILLCOX & SAVAGE, P.C., Norfolk, Virginia, for Appellant. Richard H. Ottinger, VANDEVENTER BLACK LLP, Norfolk, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

JOSEPH DAWSON, III, United States District Judge for the District of South Carolina, sitting by designation:

Appellant Mary Lee Hardcastle ("Mary Lee") appeals the district court's grant of partial summary judgment to Defendant Maile Susan Hardcastle ("Maile") that she argues practically granted Maile injunctive relief. *See Midgett v. Hardcastle*, No. 2:17-cv-00663 (E.D. Va. Aug. 10, 2021), ECF No. 78 (the "Order"). Mary Lee argues we have jurisdiction under 28 U.S.C. § 1292. But the order granting partial summary judgment is not an order "granting … [an] injunction[]." § 1292(a)(1). So we only have appellate jurisdiction if Mary Lee shows irreparable harm. *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84–85, 101 S. Ct. 993, 996–97, 67 L. Ed. 2d 59 (1981). Mary Lee has failed to show the Order causes her irreparable harm, so this Court does not have jurisdiction to hear the appeal; therefore, Mary Lee's appeal is dismissed.

I

Mary Lee, a non-party to the suit, appeals the district court's order granting partial summary judgment, which re-opened an amendment to a trust to which she is a beneficiary. Mary Lee and Maile are both annuity beneficiaries of the Hardcastle Charitable Remainder Annuity Trust Dated August 6, 2007 ("Trust"). The Trust provided for twenty years of annuity payments to two settlors and, after their deaths, to Mary Lee and Maile. Upon the last settlor's death, the administrator of her estate determined that the Trust caused a tax liability on the estate and sought reimbursement from the Trust. Thereafter, John T. Midgett ("Midgett"), trustee of the Trust then retroactively amended the Trust, which gave Mary Lee and Maile ten days to "opt-in" to the option of paying the tax liability and

3

continuing to receive annuity payments or to elect not to pay the estate taxes thereby terminating their annuity payments. Mary Lee opted-in within ten days, while Maile objected to the demand and did not affirmatively accept within the ten-day opt-in. Subsequently, Maile's annuity payments were terminated, and Mary Lee began to receive Maile's share of the annuity payments in addition to her own share. Midgett then filed the current action against Maile seeking to recover $296,695.00 in previously made annuity payments based on the retroactive nature of Midgett's amendment. Maile opposed the lawsuit, in part alleging that the ten-day response period was unreasonably short and constituted a breach of Midgett's fiduciary duties.

The district court entered partial summary judgment in Maile's favor, finding that, while the amendment was valid, the ten-day response deadline issued by Midgett in his demand was unnecessary and "per se unreasonable." The Court further ordered Midgett to provide reasonable notice regarding the amendment within thirty days. Under the new notice, Maile would have thirty days to reject or accept the amendment. Pursuant to the district court's order, Midgett issued the notice, and Maile elected to accept the amendment and "opt-in." Midgett resumed annuity payments to Maile and paid Maile the missed annuity payments. In turn, Mary Lee returned the annuity payments she received since the amendment to the Trust that would have otherwise gone to Maile.

After the district court's ruling, Mary Lee, still a non-party to the suit, filed an "Emergency Motion to Intervene and to Stay Enforcement of this Court's Order of August 10, 2021," asking the district court to allow her to intervene at this stage of the case for purposes of appeal. *Midgett v. Hardcastle*, No. 2:17-cv-00663 (E.D. Va. Aug. 10, 2021),

4

ECF No. 80.  The District Court has yet to rule on that motion.  Furthermore, the district court has not entered a final order in the underlying suit, and there has been no entry of a clerk's order entering judgment pursuant to Fed. R. Civ. P. 58.

Mary Lee then filed the instant notice of appeal, contending the Order granting injunctive relief benefiting Maile was procedurally and substantively improper, and the court erred when it refused to grant Mary Lee's emergency motion to intervene.  Maile filed a motion to dismiss Mary Lee's appeal.  We deferred ruling on Maile's motion to dismiss pending review of the merits of the underlying appeal.  However, because we do not have jurisdiction to hear Mary Lee's appeal, we dismiss.[1]

## II

"Generally, a party may only appeal an order that is final, that is, nothing remains for the district court to do except execute the judgment." *United States ex rel. Lutz v. United States*, 853 F.3d 131, 136 (4th Cir. 2017) (citing 28 U.S.C. § 1291).  A statutory exception to the "finality rule" is that this Court has jurisdiction over interlocutory orders of the district courts granting, continuing, modifying, refusing, or dissolving injunctions. 28 U.S.C. § 1292(a)(1).  Furthermore, "[t]he Supreme Court has held that § 1292(a)(1) provides appellate jurisdiction not only for the review of orders that grant or deny injunctions but also for the review of 'orders that have the practical effect of granting or denying injunctions' *and* that are of 'serious, perhaps irreparable, consequence.'" *U.S. ex*

---

[1]      Accordingly, because this Court lacks appellate jurisdiction to hear the appeal, we cannot address the arguments raised in Maile's pending motion to dismiss, and the motion is denied as moot.

*rel. Rahman v. Oncology Assocs., P.C.*, 198 F.3d 502, 507 (4th Cir. 1999) (citing *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 287–88, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988) (emphasis added).  Accordingly, "unless a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal."  *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84, 101 S. Ct. 993, 997, 67 L. Ed. 2d 59 (1981)

Although Mary Lee is appealing the district court's partial grant of summary judgment and not an injunction, Mary Lee contends that the order "granted *sua sponte* injunctive relief to Maile []."  Appellant's Opening Br. at 11.  Mary Lee correctly notes that the district court ordered Midgett to reopen the "opt-in" provision upon reasonable notice.  Nevertheless, even if the district court's order were considered to have the practical effect of an injunction, Mary Lee fails to show irreparable injury would result from refusing an appeal of the action ordered at this time because, in her own words, "nothing irrevocable has happened."  Appellant's Opening Br. at 39.  Mary Lee requests this Court "to restore the status quo ante by: (1) reversing the lower court's award of the Injunctive Relief; (2) ordering the Trustee to rescind the Second Chance Notice; and (3) ordering Maile to return to the Trustee all distributions she has received since the Second Chance Notice issued."  *Id.* at 49.  If the "Second Chance Notice" is rescinded, Mary Lee contends the $296,695 sued for in the underlying case would be returned to her, plus 50% of all future annuity distributions and 50% of annuity distributions Mary Lee has received and paid taxes on

since the date of the Amendment. *Id.* at 35, n. 11. Whether now or after a final judgment from the district court, if Mary Lee were to succeed on the substantive issues of an appeal, she would be afforded that same relief. Accordingly, Mary Lee has not met her jurisdictional burden for this Court to review her appeal.

III

Pursuant to the foregoing, we dismiss the appeal.

*APPEAL DISMISSED*